reads: "All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise; provided that if upon the application of any party it shall appear that such joinder may embarass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient, and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled."

This suggests that where two complete strangers are injured by the same negligent act it might be possible for them to join as plaintiffs in a single action against the wrongdoer because their right to relief arises out of the same transaction.

In view of what I have here said, I have come to the conclusion that Mrs. Lott was properly made a party defendant in this action under section 192 of the Civil Practice Act, even if she should not have been joined under section 452 of the Code of Civil Procedure. The order of the Appellate Division should, therefore, be reversed and the order of the Special Term affirmed.

---

KINGS COUNTY LIGHTING COMPANY, Respondent, *v.* CHARLES D. NEWTON, as Attorney-General of the State of New York, et al., Appellants, Impleaded with Another.

*Constitutional law — gas and electricity — New York city — constitutionality of statute reducing price to be charged for gas in the city of New York.*

*Kings Co. Lighting Co.* v. *Newton*, 202 App. Div. 473, affirmed.

(Argued March 6, 1923; decided April 17, 1923.)

APPEAL from a judgment, entered August 10, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judg-

ment' in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff. The action was to restrain the enforcement of and have declared unconstitutional and void chapter 604 of the Laws of 1916, which amended chapter 125 of the Laws of 1906 and reduced the price which the plaintiff could charge its customers in the territory served by it from one dollar to eighty cents per 1,000 cubic feet after July 1, 1916. The Appellate Division held that said statute, in so far as it limited or limits the rate to be charged for gas supplied by plaintiff in the territory served by it, was, from the date of its enactment and continues to be, confiscatory and its enforcement would deprive plaintiff of its property without due process of law, contrary to the Fourteenth Amendment to the Constitution of the United States and section 6, article 1 of the Constitution of the State of New York.

*Carl Sherman, Attorney-General (Wilber W. Chambers* and *Clarence R. Cummings* of counsel), for State of New York, appellant.

*George P. Nicholson, Corporation Counsel (Judson Hyatt* and *James A. Donnelly* of counsel), for City of New York, appellant.

*Samuel F. Moran* and *John D. Monroe* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

BOARD OF THE BLACK RIVER REGULATING DISTRICT, Respondent, *v.* WILSON D. OGSBURY, Appellant.

*Eminent domain — condemnation proceedings — action under article VII-A of Conservation Law to acquire land required in construction of reservoir to regulate flow of Beaver and Black rivers.*

*Board of Black River, etc.,* v. *Ogsbury,* 203 App. Div. 43, affirmed. (Argued March 12, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 24, 1922, affirming a judgment in